Mark Jurva, OSB 965490
mark@jurva.law
Jurva Law LLC
811 SW 6th Ave, Ste 1000
Portland, OR 97204
Tel: (503) 496-7214
Attorney for Plaintiff

Timothy T. Wang (*pro hac vice* forthcoming)
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin (*pro hac vice* forthcoming)
Texas Bar No. 24110051
tjin@nilawfirm.com
Ni, Wang & Massand, PLLC
8140 Walnut Hill Ln., Ste 615
Dallas, TX 75231
Tel: (972) 331-4600
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| GUANGZHOU LINGLI TECHNOLOGY Ltd. Co. dba TAYACICY, a Chinese corporation, <br><br>    Plaintiff, <br><br>  v. <br><br>PETPIVOT INC., an Oregon corporation, <br><br>    Defendant. | **Case No. 3:26-cv-01168** <br><br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR TRADEMARK NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

Plaintiff Guangzhou Lingli Technology Ltd. Co. dba TAYACICY ("Plaintiff" or "Lingli")

files this action against Defendant PetPivot Inc. ("Defendant") and alleges as follows:

Page 1 – COMPLAINT FOR INJUNCTIVE        Jurva Law, LLC
AND DECLARATORY RELIEF AND DAMAGES     811 SW 6th Ave, Suite 1000
                          Portland, OR 97204
                          (503) 496-7214

## NATURE OF THE ACTION

1.    This is a declaratory judgment action of trademark non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. Specifically, Plaintiff seeks a declaratory judgment of non-infringement of U.S. Trademark Supplemental Registration Number 7393721, for a standard character mark "AutoScooper" (the "AutoScooper Mark").

2.    Moreover, Plaintiff seeks a judgment that Defendant has tortiously interfered with a contractual relationship and that Defendant has tortiously interfered with a prospective business expectancy, pursuant to the common law of the state of Oregon.

3.    Furthermore, Plaintiff seeks a judgment that Defendant has unfairly competed with Plaintiff by filing false trademark infringement claim against Plaintiff on TikTok Shop while Defendant knew or should have known that it did not and does not have the exclusive right to use the word "AutoScooper," in violation of ORS 646.607 et. al.

## THE PARTIES

4.    Plaintiff Guangzhou Lingli Technology Ltd. Co. is a company established under the laws of China. Its principal place of business is located at Room A392, Unit 202, No. 88 Baoxing Street, Nanzhou Road, Haizhu District, Guangzhou, Guangdong Province, China.

5.    On information and belief, Defendant is a corporation organized and existing under the laws of Oregon, having its principal place of business located at 5441 S MACADAM AVE, STE 4138, PORTLAND OR 97239.

6.    On information and belief, Defendant has its registered agent name and can be served at REGISTERED AGENTS INC, 5441 S MACADAM AVE, STE R, PORTLAND OR 97239.

Page 2 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

7.     On information and belief, all of Defendant's major managers and/or members can be found at 5441 S MACADAM AVE, STE 4138, PORTLAND OR 97239.

8.     Defendant is the owner of the AutoScooper Mark. Exhibit A.

9.     Upon information and belief, Defendant owns and operates a TikTop Shop and sells its cat litter products in the United States.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202.

11.     The Court has general personal jurisdiction over Defendant because Oregon is the state of incorporation of Defendant, and where Defendant has its principal place of business.

12.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant is an Oregon corporation that resides in this judicial district.

13.     Divisional venue lies with the Portland Division because Defendant resides in the Portland Division.

## BACKGROUND

14.     Plaintiff owns and operates an e-commerce store named as "TAYACICY", on the TikTop Shop online marketplace platform. Plaintiff and Defendant are competitors in the market.

15.     Through its TAYACICY store, Plaintiff sells, among others, its cat litter box products, with the listing "TAYACICY AutoScooper Open-Top Self-Cleaning Cat Litter Box…"

16.     Defendant is the owner of the U.S. Trademark Supplemental Registration Number 7393721, for the AutoScooper Mark.

17.     The United States Patent and Trademark Office ("USPTO") maintains two trademark Registers: the Principal Register and the Supplemental Register.

Page 3 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

18.    While registration on the principal register shows that the Commissioner for Trademark of USPTO has determined that the mark is distinctive, and provides certain statutory presumptions, registration on the supplemental register means that the Commissioner for Trademark of USPTO has determined that the mark is capable of distinguishing. Unlike Principal Registration, Supplemental Registration creates no substantive rights. *Silberstein v. Fox Entm't Grp., Inc.*, 732 F. App'x 517, 518-19 (9th Cir. 2018) (citations modified).

19.    Defendant intended to register the AutoScooper Mark on the Principal Register. However, the USPTO found that the AutoScooper Mark was descriptive and not eligible for registration on the Principal Register. Exhibit B at 3.

20.    Responding to USPTO's determination, Defendant voluntarily chose to register the AutoScooper Mark on the Supplemental Register. Exhibit C at 3.

21.    The AutoScooper Mark has not otherwise acquired any secondary meaning.

## DEFENDANT'S UNLAWFUL ACTIVITIES

22.    Defendant, therefore, knew or should have known that its AutoScooper Mark is descriptive, is ineligible for registration on the Principal Register, and does not have evidentiary effect showing that Defendant has the exclusive right to use the AutoScooper Mark.

23.    Nonetheless, with all such knowledge, Defendant still filed a false trademark infringement claim against Plaintiff's TAYACICY store on the TikTok Shop platform.

24.    Specifically, on information and belief, Defendant relied on its Supplemental Registration of the AutoScooper Mark and falsely represented to the TikTok Shop that Plaintiff infringed the AutoScooper Mark, despite knowing that Plaintiff's use of the word "AutoScooper" does not constitute trademark infringement.

Page 4 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

25. As a direct result of Defendant's false claim, TikTok Shop removed Plaintiff's listing that was discussed above.

26. Plaintiff has suffered significant damage caused by the removal of the said listing.

### COUNT I: NON-INFRINGEMENT OF DEFENDANT'S MARK

27. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

28. The AutoScooper Mark is merely descriptive and has not obtained secondary meaning.

29. On information and belief, no actual confusion ever happened between Plaintiff's cat litter box products and Defendant's cat litter box products.

30. Defendant does not have an exclusive right to use the word "AutoScooper" for cat litter box products.

31. Nonetheless, with all such knowledge, Defendant still falsely claimed trademark infringement against Plaintiff with TikTok Shop, which led to the delisting of Plaintiff's listing.

32. Absent a declaration of non-infringement, Defendant will continue to wrongfully assert its AutoScooper Mark against Plaintiff, and thereby cause Plaintiff irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendant.

33. Pursuant to the Federal Declaratory Judgment Act, Plaintiff respectfully requests a declaration by this Court that Plaintiff did not and does not infringe the AutoScooper Mark.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

34. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

35. Plaintiff and TikTok Shop had a valid and enforceable contractual relationship.

Page 5 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

36. Defendant was aware of Plaintiff's contractual agreement with TikTok Shop as it knew Plaintiff offered its products through its TikTok Shop store TAYACICY.

37. Defendant intentionally and unjustifiably induced TikTok Shop to breach its agreement with Plaintiff by filing bad faith trademark infringement claim based on the AutoScooper Mark, with knowledge that it does not have an exclusive trademark right over this mark and that Plaintiff never infringed the AutoScooper Mark.

38. Defendant's purpose of filing such bad faith false trademark infringement claim again Plaintiff was to unfairly compete with Plaintiff, by interfering with the relationship between Plaintiff and TikTok Shop.

39. TikTok Shop did in fact breach its agreement with Plaintiff as a result, removing Plaintiff's listing from its marketplace.

40. Defendant's actions have caused economic and financial harm to Plaintiff.

## COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

41. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

42. Plaintiff had valid and enforceable contractual relationships with numerous individuals, including third-party marketing personnel retained exclusively for the removed listing.

43. Plaintiff also maintained valid and enforceable contractual relationships for the rental of fields entered into solely for the removed listing.

44. All such contractual relationships were interfered with when TikTok Shop breached its agreement with Plaintiff by removing the listing from its marketplace, a direct result of Defendant's bad faith trademark infringement claim.

Page 6 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

45.     On information and belief, Defendant was fully aware of the said valid and enforceable contractual relationships.

46.     Despite such knowledge, and despite knowing that it did not possess exclusive trademark rights over the word "AutoScooper," Defendant nonetheless brought a bad faith trademark infringement claim against Plaintiff. Defendant acted knowing that a removal of Plaintiff's listing on TikTok Shop would inevitably result in the breach of said contractual relationships. Defendant acted with the specific intent to disrupt these relationships and cause financial harm to Plaintiff.

47.     Defendant's actions have caused economic and financial harm to Plaintiff.

## COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

48.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

49.     Plaintiff had a reasonable expectation of entering into a valid business relationship with TikTok Shop and with the consuming public via its online marketplace platform.

50.     Defendant was fully aware of Plaintiff's expectation as it knew Plaintiff sold products on the TikTok Shop platform, as shown by Defendant's objectively false TikTok Shop trademark infringement complaint.

51.     Defendant purposefully interfered with Plaintiff's prospective business relationships by filing a bad faith TikTok Shop trademark infringement claim, with knowledge that Plaintiff never infringed the AutoScooper Mark.

52.     As a result of Defendant's false TikTok Shop trademark infringement complaint, TikTok Shop removed Plaintiff's listing from the TikTok Shop marketplace, thereby causing economic and financial harm to Plaintiff.

## COUNT V: UNFAIR COMPETITION UNDER OREGON STATE LAW

53.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

54.     Defendant has engaged in an unlawful trade practice because it has employed an unconscionable tactic in connection with selling its goods.

55.     Specifically, to unfairly compete with Plaintiff and increase the sales of its own goods, Defendant falsely claimed that Plaintiff infringed its trademark rights. At the time of the claim, Defendant did not possess—and knew or should have known that it did not possess—any trademark rights over the asserted AutoScooper Mark.

56.     As a result of Defendant's false TikTok Shop trademark infringement complaint, TikTok Shop removed Plaintiff's listing from the TikTok Shop marketplace, thereby causing economic and financial harm to Plaintiff.

57.     Defendant's unconscionable tactic in connection with selling its goods as described above is in violation of ORS 646.607.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


/ / /


Page 8 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

    a.   A declaration that Plaintiff never infringed Defendant's AutoScooper Mark;

    b.   A judgment that Defendant has tortiously interfered with Plaintiff's contractual relations;

    c.   A judgment that Defendant has tortiously interfered with Plaintiff's prospective business relationships;

    d.   A judgment that Defendant has unfairly competed with Plaintiff in violation of ORS 646.607;

    e.   An injunction against Defendant barring it from unfairly competing with Plaintiff;

    f.   Plaintiff's attorneys' fees and costs in connection with this action; and

    g.   Further relief as the Court may deem just and proper.


DATED: June 9, 2026                Respectfully submitted,

By: */s/* Timothy T. Wang
Timothy T. Wang (*pro hac vice* forthcoming)
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin (*pro hac vice* forthcoming)
Texas Bar No. 24110051
tjin@nilawfirm.com

Mark Jurva, OSB 965490
mark@jurva.law
**ATTORNEYS FOR PLAINTIFF**

Page 9 – COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Jurva Law, LLC
811 SW 6th Ave, Suite 1000
Portland, OR 97204
(503) 496-7214