**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**GUANGZHOU LINGLI TECHNOLOGY LTD. CO. dba TAYACICY**, a Chinese corporation,

Plaintiff,

v.

**PETPIVOT INC.**, an Oregon corporation,

Defendant.

Case No. 3:26-cv-1168-SI

**OPINION AND ORDER**

Katherine Martin and Mark A. Jurva, ADERYN LLC, 811 SW 6th Avenue, Suite 100, Portland, OR 97204; Tong Jin, NI, WANG & MASSAND, PLLC, 8140 Walnut Hill Lane, Suite 615, Dallas, TX 75231. Of Attorneys for Plaintiff.

Hayley D. Hollins and Jeanne F. Loftis, BAKER STERCHI COWDEN & RICE LLC, 2100 Westlake Ave., N., Suite 206, Seattle, WA 98109. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Guangzhou Lingli Technology, Ltd. Co. dba Tayacicy ("Guangzhou") brings five claims against Defendant PetPivot Inc. ("PetPivot"), including claims for a declaration of trademark non-infringement, tortious interference with contract, interference with prospective economic relations, and unfair competition. PetPivot moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim, Guangzhou's claims for tortious interference with contract, tortious interference with prospective economic relations, and unfair

competition. For the reasons below, the Court grants PetPivot's motion to dismiss in part and denies the motion in part.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**BACKGROUND**

Guangzhou is a Chinese company that owns and operates an e-commerce store named TAYACICY that sells, among other things, cat litter box products on TikTok Shop, an online marketplace, under the listing "TAYACICY AutoScooper Open-Top Self-Cleaning Litter Box . . ." Compl. ¶¶ 4, 14-15 (ECF 1). PetPivot is an Oregon corporation that also sells cat litter products on TikTok Shop. Compl. ¶¶ 5, 9. PetPivot is the owner of the U.S. Trademark Supplemental Registration Number 7393721, for the AutoScooper Mark (the "Mark"). Compl. ¶ 16.

PetPivot, relying on its Supplemental Registration of the Mark, represented to TikTok Shop that Guangzhou had infringed on the Mark. Compl. ¶ 24. TikTok Shop subsequently removed Guangzhou's listing for its "AutoScooper" cat litter box products. Compl. ¶ 25.

Guangzhou alleges that PetPivot, by asserting in bad faith that Guangzhou had infringed PetPivot's trademark, intentionally induced TikTok Shop to breach its agreement with Guangzhou. Compl. ¶ 37. Additionally, Guangzhou alleges that its contracts with numerous individuals, including third-party marketing personnel, and relationships for the "rental of fields" were interfered with when TikTok shop breached its agreement by removing Guangzhou's listing. Compl. ¶¶ 42-44. Lastly, Guangzhou alleges that as a result of PetPivot's TikTok Shop complaint, PetPivot interfered with Guangzhou's prospective business relationship with TikTok Shop and the consuming public. Compl. ¶¶ 49-51. Guangzhou further claims that PetPivot violated Oregon's Unlawful Trade Practices Act, Oregon Revised Statutes ("ORS") § 646.607,

by employing an unconscionable tactic (falsely claiming trademark infringement) to increase the sales of its own goods. Compl. ¶¶ 54-55.

PetPivot does not move to dismiss the trademark non-infringement claim. Therefore, only Guangzhou's tortious interference with contract claims, tortious interference with prospective economic advantage claim, and unlawful trade practices claim are reviewed below.

## DISCUSSION

### A. Tortious Interference with Economic Relations

Guangzhou alleges three claims for tortious interference with economic relations. The first is a claim for tortious interference with Guangzhou's contract with TikTok Shop. The second is a claim for tortious interference with Guangzhou's contracts with various third parties. The third is a claim for tortious interference with prospective economic relations with TikTok Shop and the consuming public.

#### 1. Legal Standards

To state a claim for the tort of intentional interference with economic relations, a plaintiff must allege each of the following elements:

> (1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.

*Allen v. Hall*, 328 Or. 276, 281 (1999).

For an intentional interference claim be actionable, an interference resulting in injury to another must be wrongful "by some measure beyond the fact of the interference itself." *Top Serv. Body Shop v. Allstate Ins. Co.*, 283 Or. 201, 209 (1978). To be wrongful, the plaintiff must prove the defendant's "improper motives" or "use of improper means." *Id.* If a defendant's alleged

liability is based on motive, "then the purpose must be to inflict injury on the plaintiff as such." *Nw. Nat. Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 498 (1999) (quotation marks omitted). If liability is based on the use of improper means, "then the means must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law, or, perhaps, an established standard of a trade or profession." *Id.* (citing *Top Serv.*, 283 Or. at 209-10). Improper means can include "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Top Service*, 283 Or. at 210 n.11. It is the plaintiff's burden to show "both that a defendant intentionally interfered with the plaintiff's economic relationship and that the defendant had no privilege to do so." *Nw. Nat. Gas*, 328 Or. at 499.

**2. Tortious Interference with Guangzhou's TikTok Shop Contract**

For the claim of tortious interference with contract pertaining to Guangzhou's contract with TikTok Shop, Guangzhou asserts that it and TikTok Shop had a valid and enforceable contractual relationship. Compl. ¶ 35. Guangzhou further alleges that PetPivot was aware of Guangzhou's contractual agreement because it knew Guangzhou offered its products through its TikTok Shop store TAYACICY. Compl. ¶ 36. Guangzhou contends that PetPivot intentionally interfered with that contractual relationship by filing a "bad faith" trademark infringement claim knowing it did not have an exclusive trademark right over the Mark. Compl. ¶ 37. As such, Guangzhou concludes that PetPivot's purpose for this interference was to "unfairly compete with [Guangzhou]." Compl. ¶ 38. As a result of PetPivot's complaint, TikTok Shop allegedly breached its agreement with Guangzhou by removing Guangzhou's cat litter box listing from the TikTok Shop marketplace. Compl. ¶ 39.

Accepting as true all well-pleaded material facts, Guangzhou has alleged sufficient facts plausibly to support the six elements of an intentional interference claim. As to the fourth

element, Guangzhou alleges PetPivot's bad faith trademark infringement claim was filed with TikTok Shop based on the Mark, "with knowledge that it does not have an exclusive trademark right over this mark," Compl. ¶ 37, for the purpose of unfair competition, to injure Guangzhou. Compl. ¶ 38.

PetPivot argues that Guangzhou failed to state a claim with requisite specificity because they did not attach the underlying contract, identify counterparties, or plead contractual terms. That level of specificity is not required at the motion to dismiss stage. Guangzhou adequately alleges the "existence of a professional or business relationship" with TikTok Shop which is sufficient to plead a claim for tortious interference with contract. *See Allen v. Hall*, 328 Or. at 281. Additionally, PetPivot argues that the complaint fails to allege specific facts showing knowing falsity or other independent wrongful means based on its supplemental trademark registration. This argument is unavailing. As PetPivot's Mark is only registered on the Supplemental Register, it is a reasonable inference at this stage of the litigation that PetPivot knew that they did not have an exclusive trademark right over this mark because PetPivot did not attempt to show that the Mark has acquired a secondary meaning.[1] PetPivot also failed to use

[1] "[U]nlike registration on the Principal Register, registration on the Supplemental Register does not constitute prima facie evidence of the validity of a trademark" *Lyden v. adidas Am., Inc.*, 2015 WL 566564, at *1 (D. Or. Feb. 10, 2015). "When a trademark is registered on the Supplemental Register, it may still receive protection if it is a descriptive mark that has acquired a secondary meaning." *Schoene v. Christensen*, 2023 WL 5128424, at *2 (D. Or. Aug. 10, 2023). A descriptive mark obtains secondary meaning when there is a "mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product." *Levi Strauss & Co. v. Blue Bell*, 778 F.2d 1352, 1354 (9th Cir. 1985) (en banc) (quotation marks omitted). Secondary meaning can be established by a variety of evidence, including "direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian J. Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). Whether a descriptive term has obtained secondary meaning is a question of fact. *Levi Strauss*, 778 F.2d at 1355.

other available remedies at its disposal. Instead of going directly to TikTok Shop, PetPivot could have brought an infringement claim in federal court under the Lanham Act and avoided any interference with Guangzhou and TikTok Shop's business relationship. *See* 15 U.S.C. § 1114. For the reasons stated above, the Court denies PetPivot's motion to dismiss the claim of tortious interference with Guangzhou's TikTok Shop contract.

**3. Tortious Interference with Guangzhou's Third-Party Contracts**

In its second claim of tortious interference with contract, Guangzhou alleges that it had valid and enforceable relationships with "numerous individuals, including third-party marketing personnel retained exclusively for the removed listing," and "for the rental of fields entered into solely for the removed listing." Compl. ¶¶ 42-43.

Despite Guangzhou's broad assertion of the existence of multiple third-party contracts, Guangzhou does not: (1) identify any third party; (2) allege a relevant term of the contracts or how the contracts related to Guangzhou's TikTok Shop; (3) allege that any of these contracts were breached or terminated; or (4) allege that these third parties declined to perform or otherwise changed its contractual relationships. Guangzhou only alleges that these contracts were "interfered with," Compl. ¶ 44, and that PetPivot's interference with Guangzhou's contract with TikTok Shop "would inevitably result in the breach" of these third-party contractual relationships. Compl. ¶ 46. The complaint fails to identify the outcome of how PetPivot's alleged interference with Guangzhou's TikTok Shop contract affected any of the third-party contracts. Guangzhou thus, does not allege a causal effect between the interference and the harm to the relationship. Therefore, the Court grants PetPivot's motion to dismiss on the claim of tortious interference with Guangzhou's third-party contracts and grants Guangzhou leave to amend its complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**4. Tortious Interference with Prospective Economic Relations**

In support of its claim for tortious interference with prospective economic relations, Guangzhou alleges that it had a reasonable expectation of entering into a future valid business relationship with TikTok Shop and "the consuming public" via its online marketplace platform. Compl. ¶ 49. Guangzhou fails sufficiently to allege the existence of a prospective contractual relationship with TikTok Shop, however, does sufficiently to allege intentional interference with prospective economic relations with the consuming public.

**a. Prospective Economic Relations with TikTok Shop**

Guangzhou alleges that it had an *existing* relationship with TikTok Shop. Guangzhou, however, pleads insufficient facts supporting that it has some *prospective* contract with TikTok Shop that PetPivot interfered with. In its complaint, Guangzhou alleges it "had a reasonable expectation of entering into a valid business relationship with TikTok Shop." Compl. ¶ 49. Without more facts, such as that Guangzhou's existing contract with TikTok Shop has a termination date and Guangzhou had a reasonable expectation that this contract would be renewed, this bare allegation is insufficient to support the existence of a prospective relationship beyond Guangzhou's existing contractual relationship with TikTok Shop. Guangzhou also fails to plead sufficient facts that PetPivot had any knowledge of a *future* relationship between Guangzhou and TikTok Shop. In its complaint, Guangzhou asserts PetPivot "was fully aware of [Guangzhou's] expectation as it knew [Guangzhou] sold products on the TikTok Shop platform." Compl. ¶ 50. This allegation merely illustrates PetPivot's knowledge of Guangzhou's existing contract with TikTok Shop. Absent facts regarding knowledge, such as that it is common in the industry for TikTok Shop contracts to be limited in duration but to be renewed absent some type of misconduct, Guangzhou fails to plead facts sufficient to allege an intentional interference.

Guangzhou argues that its allegations suffice under Rule 8 of the Federal Rules of Civil Procedure. But, as the standards under Rule 12(b)(6) instruct, Guangzhou must still allege sufficient facts to carry the allegations over the line from "sheer possibility" to "plausibility," *Mashiri*, 845 F.3d at 988, and may not simply recite the elements of a claim, *Starr*, 652 F.3d at 1216. Therefore, Guangzhou fails to plead its claim with respect to future economic relations with TikTok Shop as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Guangzhou's claim appears to be more akin to the damages that would result from PetPivot's alleged interference with Guangzhou's contract with TikTok Shop. Thus, the Court grants PetPivot's motion to dismiss on the claim of tortious interference with Guangzhou's prospective economic relations regarding its relationship with TikTok shop.

**b. Prospective Economic Relations with the Consuming Public**

Regarding Guangzhou's reliance on its prospective economic relations with the consuming public, Guangzhou alleges sufficient facts to support a claim for intentional interference with prospective economic relations. A third party's interference may be actionable "even though the arrangement interfered with does not rise to the dignity of a contract." *Luisi v. Bank of Com.*, 252 Or. 271, 275 (1969); *see also Aylett v. Universal Frozen Foods Co.*, 124 Or. App. 146, 152-53 (1993) (stating that a plaintiff could bring an action for intentional interference with their relationship with a prospective buyer). While Guangzhou's listing was still up on TikTok shop, it had the advantage of selling its products to consumers. In its Complaint Guangzhou alleges PetPivot was "fully aware of [Guangzhou's] expectation as it knew [Guangzhou] sold products on the TikTok Shop platform." Compl. ¶ 50. When PetPivot allegedly interfered with Guangzhou's TikTok Shop contract and TikTok shop removed Guangzhou's listing, it is a reasonable inference that PetPivot knew the removal of the listing would lead to decreased sales. With the removal of the listing, caused by PetPivot's interference

for the alleged purpose of unfair competition, Guangzhou lost its prospective advantage to sell its products to consumers.

PetPivot argues that a relationship between Guangzhou and the consuming public does not constitute a "business relationship" required for a tortious interference claim. Oregon law, however, states that a business relationship encompasses prospective economic advantage. *McGanty v. Staudenraus*, 321 Or. 532, 535 (1995). When PetPivot interfered with Guangzhou's relationship with TikTok Shop, it also interfered with any future economic benefits Guangzhou was expecting from that business relationship.

Guangzhou pleads enough factual content to allow the court to draw the reasonable inference that the PetPivot is liable for intentional interference with economic relations. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, the Court denies PetPivot's motion to dismiss on the claim of tortious interference with Guangzhou's prospective economic relations regarding its relationship to the consuming public.

**B. Unlawful Trade Practices Under Oregon State Law**

Guangzhou's fifth claim is brought under Oregon's Unlawful Trade Practices Act ("UTPA"). The UTPA makes it unlawful for a person to engage in business practices declared unlawful by ORS § 646.607 or § 646.608. ORS §§ 646.632(1), 646.638(1). "By its terms, ORS 646.638(1) provides a private right of action for violations of ORS 646.608 only. The statute does not create a private right of action for violations of ORS 646.607." *Horton v. Nelson*, 252 Or. App. 611, 619-20 (2012). Actions under ORS § 646.607 are brought by the state. *Horton*, 252 Or. App. at 620; *see also Munson v. Wells Fargo Bank*, 2018 WL 2917347, at *3 (D. Or. June 11, 2018) ("[C]laims under ORS 646.607 may be prosecuted only by the State of Oregon. There is no private right of action for violations of ORS 646.607.").

Guangzhou is improperly bringing a private action against PetPivot under ORS § 646.607. Because a private right of action is foreclosed under ORS § 646.607, Guangzhou cannot cure its ORS § 646.607 claim by pleading additional facts, the Court dismisses Guangzhou's claim under ORS § 646.607 with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## CONCLUSION

The Court GRANTS IN PART Defendant PetPivot's Motion to Dismiss (ECF 12). The Court GRANTS the motion as to Guangzhou's tortious interference with contract with third-parties claim, tortious interference with prospective economic relations claim as to Guangzhou's relationship with TikTok Shop, and unlawful trade practices claim based on Oregon's Unlawful Trade Practice statute, ORS § 646.607. The Court DENIES the motion as to Guangzhou's claim for tortious interference with contract with TikTok Shop and tortious interference with prospective economic relations claim as to Guangzhou's relationship with the consuming public. The Court DISMISSES Guangzhou's unlawful trade practices claim with prejudice. The Court GRANTS Guangzhou leave to amend with regard to Guangzhou's tortious interference with contract with third-parties and tortious interference with prospective economic relations with TikTok Shop claims.

**IT IS SO ORDERED**.

DATED this 30th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge